IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUAN STARKS, #B27618 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-cv-0589-MJR |
| | ) |
| JEFFREY J. BROWN, | ) |
| BILLY THOMAS, | ) |
| RYAN PAYNE, | ) |
| WILLIAM BARTH, and | ) |
| UNKNOWN PARTIES, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff Juan Starks brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on an incident that occurred while Plaintiff was a pretrial detainee housed at Bond County Jail. At the time his complaint was filed, Plaintiff was serving a two year, six month sentence for forgery and obstruction of justice, and three months for aggravated battery.[1] This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1] According to the website of the Illinois Department of Corrections, Plaintiff was released on parole on May 3, 2012. *Offender Search: Inmate Search*, Illinois Department of Corrections, http://www2.illinois.gov/IDOC/OFFENDER/Pages/InmateSearch.aspx (last visited June 5, 2012).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to dismissal.

**The Complaint**

This summary of facts is taken from Plaintiff's first amended complaint (Doc. 18). Plaintiff arrived at Bond County Jail on February 3, 2011. While incarcerated there in cell #4, Plaintiff experienced "extreme, inhumane conditions" -- the cell was "unbearably cold" with "cold air coming out of vents" (Doc. 18, p. 6). Plaintiff asked for the heat to be turned up, and he also filed a grievance, allegedly receiving no reply. Plaintiff complained once about the temperature to Defendant Sheriff Jeffrey J. Brown, who stated that "he was aware of the conditions and the heating problem" (Doc. 18, p. 6). Plaintiff suffered flu-like symptoms and

received medication from the nurse. He suffered staph infections in his nose and received medication from the doctor.

Plaintiff states that it was intended that he be moved from the South end of the prison to the North end where the cells were warmer, although he does not specify which Defendant planned to move him. Since the victim in Plaintiff's pending case was housed in the North cell area, however, Plaintiff remained in the South. After the victim's release, Plaintiff could not move to one open cell in the North because of an altercation between himself and the other occupants. A second opening occurred, but that spot was given to someone else.

Plaintiff received an extra blanket and was allowed to place cardboard around the cell doors to prevent cold air coming in. In addition, a space heater was placed outside his cell door. None of these measures relieved his discomfort. Plaintiff alleges that he was not the only one to complain of the temperature and that prison staff failed to address the situation. Plaintiff seeks compensatory damages for pain, suffering, and emotional distress, and punitive damages.

**Discussion**

Although claims brought pursuant to § 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)). Thus, for 'cruel and unusual punishment' claims brought by a detainee, the plaintiff must show that the jail officials knew that the plaintiff was at risk of serious harm, and that they

disregarded that risk by failing to reasonably discharge the risk. *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008).

Not all conditions of confinement trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); *see also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). The objective component of a conditions claim focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Id*. The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

Prisoners have an Eighth Amendment right to adequate shelter, including a right to protection from cold. *See Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997). To assess whether cold cell temperatures constitute cruel and unusual punishment, courts must consider factors including "the severity of the cold; its duration; whether the prisoner has alternative means to protect himself from the cold; the adequacy of such alternatives; as well as whether he must endure other uncomfortable conditions as well as cold." *Id.* at 644. Where an inmate fails to show that he was forced to remain in the cold for long periods of time, or does not establish that he suffered unusual deprivations, his complaint may not rise to the level of a constitutional violation. *See Mays v. Springborn,* 575 F.3d 643, 648-49 (7th Cir. 2009).

4

In the instant case, Plaintiff alleges that he suffered constant exposure to inhumane cold while incarcerated at Bond County Jail. For current purposes of threshold review, the Court accepts this as true. While the temperature may have been uncomfortable, Plaintiff's complaint does not indicate that the cell conditions were severe enough to raise a constitutional claim. He does not identify the cold as the cause of his medical problems or describe any facts or circumstances showing how the low temperature caused him harm beyond the normal discomforts of winter. He therefore does not satisfy the objective element of an Eighth Amendment claim.

Furthermore, Plaintiff fails to indicate that any Defendant's state of mind showed *subjective* deliberate indifference. Plaintiff states that he spoke to Defendant Brown about the temperature and received no relief. However, despite Plaintiff's allegations of the staff's indifference to his discomfort, Plaintiff admits that he received an additional blanket, was allowed to place cardboard around his door to cold air from coming in, and had a space heater placed outside his cell door. Therefore, Plaintiff's complaints do appear to have been acknowledged by prison staff, and they took several steps to mitigate the cold temperature.

Furthermore, Plaintiff does not identify any actions by Defendant Brown intended to prevent Plaintiff from obtaining relief from the cold. Plaintiff names five other Defendants in the caption. He fails, however, to mention them by name in the complaint at all, stating only that the officers at the facility also ignored his complaints. He does not identify any actions of these five Defendants sufficient to constitute a constitutional claim against them.

Plaintiff fails to allege deplorable living conditions rising to the level of a Constitutional violation. He thus does not plead facts showing the objective element of an Eighth Amendment Claim, and fails to state a claim for which relief can be granted. Furthermore, he fails to show

5

the subjective element of deliberate indifference on the parts of Defendants. Plaintiff's claim shall be dismissed with prejudice.

**Disposition**

The Court CONCLUDES that Plaintiff's complaint fails to state a claim upon which relief may be granted. The complaint is **DISMISSED with prejudice**.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED: 6/26/2012**

s/ MICHAEL J. REAGAN  
Michael J. Reagan  
United States District Judge